FILED
01 JUN 27 PM 4:20
CLEVELAND

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **UNITED STATES COMMODITY FUTURES TRADING COMMISSION,** | ) | **NO. 5:01CV1496** |
| **Plaintiff,** | ) | **JUDGE POLSTER** |
| **v.** | ) | |
| **INTERNATIONAL MONETARY GROUP, INC., CURRENCY MANAGEMENT, GROUP, INC., ANTHONY DELLARCIPRETE, EMIDO DELLARCIPRETE, and JASON LEMMON,** | ) | **CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST EMIDO DELLARCIPRETE** |
| **Defendants.** | ) | |

On June 18, 2001, the plaintiff, Commodity Futures Trading Commission ("Commission") filed the complaint in this civil action ("Complaint") against International Monetary Group, Inc. ("IMG"), Currency Management Group, Inc. ("CMG"), Anthony Dellarciprete, Emido Dellarciprete ("Dellarciprete"), and Jason Lemmon, seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 1 *et seq.*, and the Regulations promulgated thereunder, 17 C.F.R. § 1.1 *et seq*. Based upon the attached written consent of Dellarciprete to this Consent Order of Preliminary Injunction and Other Equitable Relief ("Order"), the Court finds, for the purpose of this Order, that Dellarciprete admits to jurisdiction and venue and consents to the entry of this Order,

without admitting or denying the allegations of the Complaint. The Court further finds that Dellarciprete's consent is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent, or representative thereof, to induce Dellarciprete to consent to this Order.

The parties agree and this Court finds:

This Court has jurisdiction over Dellarciprete and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that Dellarciprete is found in, inhabits, or transacts business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district.

Dellarciprete enters his appearance and acknowledges receipt of the Summons and Complaint.

Dellarciprete waives the entry of findings of fact and conclusions of law in this action pursuant to Fed. R. Civ. P. 52.

**IT IS THEREFORE ORDERED:**

1. Dellarciprete is enjoined and restrained, until further order of this Court, from directly or indirectly:

A. Cheating or defrauding or attempting to cheat or defraud other persons by making false, deceptive, or misleading representations of material facts and by failing to disclose material facts, in soliciting customers or potential customers, in or in connection with an offer to enter into, the entry into, or the confirmation of the execution of, commodity option transactions and misappropriating customer funds in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Commission Regulation 32.9, 17 C.F.R. § 32.9;

B. Offering to enter into, entering into, executing, confirming the execution of, or conducting business for the purpose of soliciting, accepting any order for, or otherwise dealing in any transaction in, or in connection with, a commodity option when: (a) such transactions are not being conducted on or subject to the rules of a board of trade which has been designated by the Commission as a "contract market" for such commodity; and (b) such contracts are not being executed or consummated by or through a member of such contract market, in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Sections 32.11 and 33.3 of the Regulations, 17 C.F.R. §§ 32.11, 33.3;

C. Failing to furnish customers with the disclosure statement required for options transactions in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Section 32.5 of the Regulations, 17 C.F.R. § 32.5;

D. Employing any device, scheme, or artifice to defraud any participant or prospective participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any participant or prospective participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1);

E. Acting as a commodity pool operator ("CPO"), directly or indirectly, without being registered under the Act and using the mails or any means or instrumentality of interstate commerce in connection with any business as a CPO, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1);

F. Acting as an associated person of a CPO, directly or indirectly, without being registered under the Act or permitting any person to act as an associated person without being registered under the Act, in violation of Section 4k(2) of the Act, 7 U.S.C. § 6k(2), and Commission Regulation 3.12(a), 17 C.F.R. § 3.12(a); and

G. Failing to provide a Disclosure Document in the form specified by the Commission's Regulations to prospective pool participants, failing to distribute to pool participants monthly account statements and an annual report, and failing to file a Disclosure Document with the Commission, in violation of Section 4n(4) of the Act, 7 U.S.C. § 6n(4), and Commission

Regulations 4.21, 4.22, 4.24, 4.25, and 4.26, 17 C.F.R. §§ 4.21, 4.22, 4.24, 4.25, 4.26.

2. Dellarciprete is restrained, enjoined, and prohibited, until further order of this Court, from directly or indirectly:

A. Soliciting or accepting any funds from any person in connection with the purchase or sale of any commodity futures contract, option on a commodity futures, futures contract on any agreement, contract, or transaction in foreign currency, option on a futures contract on any agreement, contract, or transaction in foreign currency, or option on any agreement, contract, or transaction in foreign currency ("commodity interest contracts");

B. Placing orders, giving advice or price quotations or other information in connection with the purchase or sale of commodity interest contracts for themselves or others, introducing customers to any other person engaged in the business of commodity interest contracts trading, issuing statements or reports to others concerning commodity interest contracts trading, and otherwise engaging in any business activities related to commodity interest contracts trading;

C. Controlling or directing the trading of any commodity interest contracts account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

D. Trading commodity interest contracts for his own personal accounts; and

E. Seeking registration in any capacity under the Act and acting in any capacity for which registration with the Commission is required under the Act.

3. Dellarciprete is restrained, enjoined, and prohibited, until further order of this Court, from directly or indirectly:

A. Dissipating, withdrawing, transferring, removing, concealing, or disposing of cash, cashier's checks, funds, assets, or other property of Dellarciprete, or within the custody, control, or possession of Dellarciprete, whether held in the name of Dellarciprete or otherwise and wherever situated, except as authorized by the Receiver appointed herein and discussed in paragraph 5 below; and

B. Destroying, mutilating, concealing, altering, or disposing of, in any

manner, or refusing to permit authorized representatives of the Commission to inspect, when and as requested, any of the books, records, documents, correspondence, brochures, manuals, electronically stored data, tape recordings, or other property of Dellarciprete, wherever situated, including all such records concerning Dellarciprete's business operations.

4. The injunctive provisions of this Order shall be binding upon Dellarciprete, upon any person acting in the capacity of agent, servant, employee, or attorney of Dellarciprete, and upon any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in active concert or participation with Dellarciprete.

5. Mary Ann Rabin is appointed the receiver ("Receiver") for Dellarciprete and all of the funds, properties, premises, accounts, and other assets directly or indirectly owned, beneficially or otherwise, by him with the full powers of an equity Receiver. The Receiver shall be the agent of this Court in acting as Receiver under this Order.

6. The Receiver is ordered to accomplish the following:

A. Take exclusive custody, control, and possession of all the funds, property, mail and other assets of, in the possession of, or under the control of Dellarciprete, wherever situated. The Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information, and other papers and documents of Dellarciprete, including documents related to customers or clients whose interests are now held by or under the direction, possession, custody or control of Dellarciprete;

B. Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to customers or clients of IMG;

C. Prevent the withdrawal or misapplication of funds entrusted to Dellarciprete, and otherwise protect the interests of customers or clients of IMG;

D. Collect all money owed to Dellarciprete;

E. Open one or more bank accounts as designated depositories for funds of Dellarciprete. The Receiver shall deposit all funds of Dellarciprete in such

designated accounts and shall make all payments and disbursements from the receivership estate from such accounts;

F. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to this Court for prior approval of any payment of any debt or obligation incurred by Dellarciprete prior to the date of entry of this Order, except for payments that the Receiver deems necessary or advisable to secure assets of Dellarciprete; and

G. Maintain written accounts itemizing receipts and expenditures, describing properties held or managed, and naming the depositories of receivership funds; make such written accounts and supporting documentation available to the Commission for inspection; and, within sixty (60) days of being appointed and periodically thereafter, as directed by this Court, file with this Court and serve on the parties a report summarizing efforts to marshal and collect assets, administer the receivership estate, and otherwise perform the duties mandated by this Order.

7. The Receiver shall have authority to accomplish the following:

A. Determine that certain personal property or other assets of Dellarciprete shall be under the Receiver's control, but shall remain in the possession or custody of Dellarciprete;

B. Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of Dellarciprete or to carry out the Receiver's duties pursuant to this Order;

C. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order; and

D. Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate.

8. Immediately upon service of this Order upon him, Dellarciprete, and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

A. Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of Dellarciprete;

B. Possession and custody of documents of Dellarciprete, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

C. Possession and custody of all funds and other assets belonging to members of the public now held by Dellarciprete;

D. All keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of Dellarciprete including, but not limited to, access to the business premises of Dellarciprete, telephone systems, voicemail, telephone answering devices, computer systems, computer software, or other property; and

E. Information identifying the accounts, employees, properties, or other assets or obligations of Dellarciprete.

9. Dellarciprete shall cooperate fully with and assist the Receiver. The cooperation and assistance of Dellarciprete shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, and advising all persons who owe money to Dellarciprete that all debts should be paid directly to the Receiver.

10. Except by leave of this Court, during the pendency of the receivership ordered herein, Dellarciprete and all other persons and entities shall be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, Dellarciprete, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

A. Commencing, prosecuting, litigating, or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or

retaining possession of, property of Dellarciprete or any property claimed by Dellarciprete, or attempting to foreclose, forfeit, alter, or terminate any interests of Dellarciprete in property, whether such acts are part of a judicial proceeding or otherwise;

C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Dellarciprete, or the Receiver, or any agent of the Receiver; and

D. Doing any act or thing to interfere with the Receiver taking control, possession, or management of the property subject to the receivership; to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of Dellarciprete.

This Paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

11. The Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by Dellarciprete. The Receiver shall file with this Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order and, thereafter, every ninety (90) days. The requests for compensation shall itemize the time and specific nature of services rendered by the Receiver and all personnel hired by the Receiver. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of this Court. The Commission shall have the opportunity to review and to object to each such request for compensation.

12. Dellarciprete and all persons or entities who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or the business or personal finances of Dellarciprete.

13. Each firm, corporation, partnership, association, or other person or entity with notice which holds or which is a depository of funds, securities, assets, or other property of Dellarciprete is prohibited, until further order of this Court, from transferring, withdrawing, removing, or disposing of any such funds, securities, assets, or other property except for the purpose of transferring such assets to the custody, control, and possession of the Receiver in accordance with this Court's June 18, 2001, *Statutory Ex Parte Restraining Order Freezing assets, Preserving Books and Records, Allowing Access To Books and Records, and Appointing Temporary Receiver, and Order Granting Expedited Discovery.*

14. This Court will entertain application for reasonable and necessary living expenses upon proper written submission. Proper submission requires that Dellarciprete file such application under oath with the Clerk of the Court and set forth in detail, fully substantiated by all relevant financial documentation, the amount of funds necessary to pay reasonable and necessary living expenses, a description of the expenses for which those funds are to be applied, a description of the assets sought to be used to pay such expenses, and a description of the derivation of such assets. The Commission may object or otherwise respond to such application.

15. Dellarciprete shall prepare, sign, and file with this Court within sixty (60) days of this Order a complete and accurate accounting for the period December 21, 2000, to the date of such accounting, which shall be no earlier than the date of this Order. Such accounting shall

include, without limitation, the identification of:

A. All funds, securities, commodity interests, assets, and other property currently owned or controlled (legally, equitably, or otherwise) directly or indirectly by Dellarciprete, whether individually or jointly;

B. All funds, securities, commodity interests, assets, and other property received directly or indirectly by Dellarciprete, whether individually or jointly, describing the source, amount, disposition, and current location of each listed item;

C. All funds, securities, commodity interest contracts, assets, and other property transferred or otherwise disposed of directly or indirectly by Dellarciprete in excess of $500, whether held individually or jointly, describing the source, amount, disposition, and current location of each listed item; and

D. The name and last known address of each bailee, debtor, or other person or entity currently holding any funds, securities, commodity interest contracts, assets, or other property owned or controlled (legally, equitably, or otherwise) by Dellarciprete, either individually or jointly.

16. Dellarciprete shall, within ten (10) days of the date of this Order, provide this Court and the Commission an accounting of all clients of Dellarciprete known by him to have held accounts with, purchased foreign currency options through, invested in, or purchased shares of, either directly or indirectly, IMG or CMG. With respect to each such person or entity, Dellarciprete shall include the following information:

A. The amount and date of the initial and each additional investment made by any person or entity, and the identity and location of each account into which such funds were deposited and/or transferred;

B. The amount and date of any payments made to such person or entity by IMG or CMG in connection with their investment;

C. The current value and location of such person or entity's investment;

D. The identity, location, and complete trading record of all bank accounts, commodity futures trading accounts, or similar accounts in which the funds of any such person or entity were deposited; and

E. The identity and location of each account in which the funds of any such

person or entity were deposited or transferred and the amount of profit realized or loss sustained in each such account.

17. This Court's June 18, 2001 *Statutory Ex Parte Restraining Order Freezing Assets, Preserving Books and Records, Allowing Access To Books and Records, and Appointing Temporary Receiver, and Order Granting Expedited Discovery* shall remain in full force and effect.

18. In accordance with Fed. R. Civ. P. 26(d) and 30(a) and pursuant to Local Rule 26.2, the parties to this action may request discovery from any source before the parties have met and conferred as required by Fed. R. Civ. P. 26(f). However, the parties shall meet as soon as practicable to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of this action, to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1), and to develop a proposed discovery plan. This Order shall not disturb the right of the parties to request the issuance of protective orders pursuant to Fed. R. Civ. P. 26(c) or to request the issuance of orders compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a).

19. Dellarciprete shall notify the Commission within ten (10) days of any changes of his residential or business addresses pending resolution of this matter.

20. Dellarciprete shall file, within three (3) days after the entry of this Order, an affidavit acknowledging receipt of this Order.

21. This Order shall remain in effect until further order of this Court, and this Court shall retain jurisdiction over this action to assure compliance with this Order and for all other purposes related to this action.

**SO ORDERED**, at Cleveland, Ohio on this 27th day of June 2001, at 12:45 p.m.

**DAN A. POLSTER**
**UNITED STATES DISTRICT JUDGE**